MISSOURI PACIFIC RAILROAD COMPANY *v*. AVANT.

Opinion delivered January 17, 1927.

1. RAILROADS—FAILURE TO KEEP LOOKOUT—QUESTION FOR JURY.—In an action against a railroad for collision with an automobile at a crossing, the issue whether the engineer kept a proper lookout was properly submitted to the jury, where the evidence tended to establish the negative, though a failure to keep a lookout was not alleged as negligence.

2. APPEAL AND ERROR—SUFFICIENCY OF ASSIGNMENT OF ERROR.—An assignment in a motion for new trial that the verdict was contrary to law and evidence is not sufficient to present the question that the jury was not properly instructed.

Appeal from Poinsett Circuit Court; *W. W. Bandy,* Judge; affirmed.

*Thos. B. Pryor* and *Gordon Frierson,* for appellant.

*G. B. Knott, Aaron McMullen* and *S. T. Mayo,* for appellee.

SMITH, J. On July 5, 1924, appellee left Harrisburg in his automobile for the purpose of driving to Forrest City. At Cherry Valley, a station on appellant's railroad, he started to drive over the railroad crossing at that place. The railroad there runs north and south. There were three tracks, the center one being the main track; the others were sidetracks. Appellee was driving west as he started over the crossing across these tracks. There were numerous objects to obstruct his vision as he drove on to the railroad, among these being a cattle-pen, some sheds, a freight train on the west track, the engine to which was emitting steam, some piles of crossties, and, south of the cattle-pen, a sawmill, which was being operated, and a burning pile of sawdust. All these things were on the east side of the railroad and on or near the railroad right-of-way. Appellee drove across the east sidetrack, and was about to drive on to the main track when a northbound passenger train struck his automobile and damaged it, and inflicted a rather severe personal injury to appellee himself.

This suit was brought to recover damages to compensate both the injury to the car and appellee's per-

sonal injury. The jury returned a verdict in appellee's favor for $1,455 for the personal injury, but returned a verdict in favor of the railroad company for the automobile. The railroad company has appealed, and appellee has cross-appealed.

It was alleged—and there was testimony to support the finding—that the passenger train ran across this dangerous crossing at a high rate of speed, without blowing the whistle or ringing the bell. The complaint contained no allegation that there had been any failure to keep a proper lookout.

At the conclusion of the introduction of the testimony, the court and respective counsel retired to settle the instructions, and the court, of its own motion, prepared an instruction on the duty of the railroad company to keep a lookout. This instruction was objected to by the railroad company upon the ground that the failure to keep a lookout had not been alleged as an act of negligence. The court stated to counsel—the jury being absent—that the testimony presented this issue and that the engineer's testimony showed that he was not keeping a proper lookout. Counsel for the railroad company excepted to the ruling of the court in preparing an instruction on this issue, and then asked permission to recall the engineer for further examination on this subject.

This request was granted, and the engineer was examined in the presence of the jury on this issue. He testified that the automobile came on to the track from his side of the engine, which was the east side of the track; that he was looking up the track, and, when he first saw the automobile, which was moving slowly, it was only 150 feet away, and that he made an emergency application of the brakes, but, before the train could be stopped, the engine had struck the automobile. Appellee testified that, just before he drove on the crossing, he stopped, and that he stopped again just before he drove on to the first or east sidetrack. The testimony of all

the eye-witnesses was to the effect that appellee was driving very slowly.

We think, under the facts stated, the instruction on the duty to keep a lookout was not abstract. The jury might have found that, had a proper lookout been kept, the engineer would have seen the car at a much greater distance than 150 feet, and, had this been done, a warning whistle could have been blown in time for appellee to stop his slowly-moving automobile, even though the train itself could not have been stopped.

We think the court was correct in the view that the testimony raised the issue of the failure to keep an effective lookout, and this testimony had been admitted without objection. No continuance was asked upon the ground of surprise; indeed, the witness whose duty it was to keep the lookout was present, and permission was given to recall him for further examination, and he was recalled and further examined on that subject.

We consider therefore that there was no error in the submission of that issue to the jury.

In support of his cross-appeal, appellee asserts that the court erred in giving certain instructions and refusing to give certain others; but the only error assigned by him in his motion for a new trial was that the verdict was contrary to the law and the evidence, and this assignment is not sufficient to present the question that the jury was not properly instructed.

No other questions are raised which require discussion, so the judgment must be affirmed, and it is so ordered.